1  **SEMNAR & HARTMAN, LLP**
2  Babak Semnar, Esq. (#224890)
3  bob@semnarlawfirm.com
   Jared M. Hartman, Esq. (#254860)
4  jaredhartman@jmhattorney.com
5  400 S. Melrose Drive, Suite 209
   Vista, CA 92081
6  Telephone: (951) 234-0881; Fax: (888) 819-8230

*Attorneys for Plaintiff*,
AIDEE ALCANTAR

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **AIDEE ALCANTAR, an individual,** | **Case No.:** |
| Plaintiff, | **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:** |
| v. | (1) **THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692, ET SEQ.; AND,** |
| **PORTFOLIO RECOVERY ASSOCIATES, LLC** | (2) **THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.** |
| Defendants. | **JURY TRIAL DEMANDED** |

///
///
///
///

**COMPLAINT FOR DAMAGES**

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.  The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

3. AIDEE ALCANTAR ("Plaintiff"), by and through Plaintiff's attorneys, brings this Complaint to challenge the actions of **PORTFOLIO RECOVERY ASSOCAITES, LLC** ("Defendant") with regards to attempts by Defendant, a debt collector and debt buyer, to unlawfully and abusively collect an alleged debt allegedly owed by Plaintiff, and this conduct has caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

5. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

6. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

7. Plaintiff is informed and believes that any violations by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

8. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendants' named.

## JURISDICTION AND VENUE

9. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k) and 28 U.S.C. § 1367 for supplemental State claims.

10. This action arises out of Defendant's violations of (i) the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"); and, (ii) the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788, et seq. ("RFDCPA").

11. Because Defendant conducts business within the State of California by contacting residents of the State of California for debt collection and utilizing the Superior Courts for the State of California to file lawsuits against alleged consumer debtors, personal jurisdiction is established.

12. Venue is proper in the United States District Court, Central District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Orange, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant.

///

## PARTIES

13. Plaintiff is a natural person who resides in the County of Orange, State of California, from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing.

14. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. Plaintiff is informed and believes, and thereon alleges, that Defendant is a debt collector and debt buyer located at 120 Corporate Boulevard, within the City of Norfolk, State of Virginia.

16. Plaintiff is informed and believes, and thereon alleges, that Defendant, in the ordinary course of business, regularly, on behalf of themselves and others, engage in "debt collection" and is therefore a "debt collector" as the terms are defined by 15 U.S.C. § 1692a(6).

17. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "debt" as that term is defined by 15 U.S.C. 1692a(5).

## FACTUAL ALLEGATIONS

18. At all times relevant, Plaintiff is an individual residing within the State of California.

19. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted business in the State of California.

20. On November 7, 2014, Defendant filed on its own behalf a complaint in the Superior Court for the County of Orange a debt collection lawsuit against Plaintiff under case number 30-2014-00755108-CL-CL-CJC.

21. The Complaint indicates that Defendant purchased the debt on December 19, 2013 from GE Capital Retail Bank, which was issued as a Sam's Club credit card.

22. Plaintiff discovered that, on December 2, 2014, Defendant filed a proof of substitute service that claims Plaintiff was served by having a copy of the complaint and summons left with the owner of a business at 23785 El Toro Road in the City of Lake Forest.

23. The business at said address is a post office box.

24. California law requires substitute service upon an individual be accomplished "at the person's dwelling house, usual place of abode, usual place of business, or usual mailing address ***other than a United States Postal Service post office box***". Calif. Code Civ. Pro. § 415.20(b).

25. Moreover, substitute service upon an individual can only be accomplished after reasonable diligence for personal service has been fruitlessly attempted. Calif. Code Civ. Pro. § 415.20(b).

26. Along with the proof of service that Defendant filed on December 2, 2014, Defendant also filed a declaration of reasonable diligence that shows the process server's only claim of reasonable diligence was that the server went to the address of the post office box on three different dates, and failed to exercise any other effort whatsoever to locate Plaintiff for personal service.

27. This declaration of reasonable diligence also shows that the address where substitute service was claimed to have been completed is a "UPS Store" and the owner of the store informed the process server that Plaintiff rents a post office box at the location, which means Defendant clearly knew the address was not Plaintiff's "dwelling house, usual place of abode, usual place of business, or usual mailing address other than a United States Postal Service post office box."

28. Defendant is a national powerhouse in the debt collection industry and could have easily explored methods such as skip-tracing or private investigations to comply with its obligation for reasonable diligence prior to substitute service.

29. Under California law, a law firm that retains a process server is "necessarily charged with notice of the acts and declarations of his agent". Bishop v. Silva

(1991) 234 Cal. App. 3d 1317, 1322 (*quoting* Ippolito v. Municipal Court (1977) 67 Cal. App. 3d 682, 687).

30. Calif. Civ. Code §1788.15(a) of the RFDCPA states as follows:
    (a) No debt collector shall collect or attempt to collect a consumer debt by means of judicial proceedings when the debt collector knows that service of process, where essential to jurisdiction over the debtor or his property, has not been legally effected.

31. By claiming to have effectuated substitute service upon a post office box, and by claiming to have effectuated substitute service without first exercising reasonable diligence to complete personal service, both of which are in direct violation of Defendant therefore violated Calif. Civ. Code §1788.15(a) of the RFDCPA.

## COUNT I
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692-1692(p) (FDCPA)

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. By violating Calif. Civ. Code §1788.15(a) of the RFDCPA, Defendant also violated 15 U.S.C. § 1692f of the FDCPA for using unfair or unconscionable means in connection with the collection of a consumer debt.

34. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in the amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

## COUNT II
### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §§ 1692-1692(p) (FDCPA)

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. By claiming to have effectuated substitute service upon a post office box, and by claiming to have effectuated substitute service without first exercising reasonable diligence to complete personal service, both of which are in direct violation of Defendant therefore violated Calif. Civ. Code §1788.15(a) of the RFDCPA.

37. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorneys fees and costs pursuant to Cal. Civ. Code § 1788.30(c).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

- An award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a);
- An award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c); and,
- Any and all other relief that this Court deems just and proper.

///
///
///
///

**TRIAL BY JURY**

38. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: January 11, 2015                                      Respectfully submitted,

                                              **SEMNAR & HARTMAN, LLP**
                                          By: ___/s/ Jared M. Hartman___
                                                    JARED M. HARTMAN, ESQ.
                                                    ATTORNEY FOR PLAINTIFF